IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN WIGGINS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 06-5845 |
| v. : | |
| : | |
| WILLIAM F. LOGAN, : | |
| : | Memorandum Order |
| Defendant. : | |

Presently before the Court is the motion of Defendant William F. Logan seeking dismissal of Plaintiff Juan Wiggins's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's claims are time barred and fail to state a claim upon which relief can be granted. The Court has considered the submission of the Defendant and Plaintiff's opposition thereto. For the reasons set forth below, the Defendant's motion is granted.

**I. Procedural Background**

The relevant procedural facts are as follows. Plaintiff was arrested by the Atlantic City Police on September 15, 2000 and filed a Complaint in this Court on November 20, 2000, naming as a defendant Atlantic City Police Officer "William F. Hogan" (as opposed to the current Defendant "William F. Logan"). The case was assigned Docket Number 00-5281. On November 21, 2000 Plaintiff, who was proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, commissioned the United States Marshal Service to serve the Summons and Complaint upon Officer "William F. Hogan" and his Canine

("K-9") partner "Decue" of the Atlantic City Police Department.  On January 2, 2001 service of process was returned as "unexecuted" for both intended recipients.  The docket entry for that date states that there was no one by the name of "William F. Hogan" or "K-9 Dog named Decue" at the facility. [Civil Action Number 00-5281, Docket Entry #7 and #8].  Plaintiff failed to take any further action in that case and the November 20, 2000 Complaint was dismissed for lack of prosecution on August 17, 2001.  The case was closed on August 21, 2001.

The docket reveals that there was no further activity in that case until April 9, 2002 when Plaintiff filed a notice of appeal. [Civil Action Number 00-5281, Docket Entry #13].  Plaintiff contends that he also, on his own, mailed a summons to "William F. Logan" but the summons was returned due to an incorrect address on April 15, 2002.  Complaint at. p. 2, ¶8.  On June 17, 2002, the United States Court of Appeals affirmed the dismissal of Plaintiff's case for failure to prosecute.  On September 27, 2002, Plaintiff filed an "Amended Complaint" under the closed civil action number 00-5281.  This is the last entry (#21) on the docket sheet under that civil action number.

Over four years later, on December 6, 2006, Plaintiff filed the present Complaint (civil action number 06-5845) asserting claims identical to those alleged in the November 20, 2000 Complaint: that his civil rights were violated during his September 15, 2000 arrest, under 42 U.S.C. § 1983 and 1985, by Officer William Logan and his K-9 dog.  In addition, the Complaint asserts a fraud claim, styled as a violation of the Fourteenth Amendment to the United States Constitution.  Defendant Logan filed an Answer and a Crossclaim on June 6, 2006, in which he asserted, *inter alia*, the Affirmative Defense of the statute of limitations.  On September 27, 2007, Defendant

Logan filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1]

## II. Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss a complaint, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Rogin v. Bensalem Twp., 616 F.2d 680, 685 (3d Cir. 1980). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

---

[1] "While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)(citing Trevino v. Union Pacific Railroad Co., 916 F.2d 1230 (7th Cir.1990); 5A Wright and Miller, Federal Practice and Procedure: Civil 2d, § 1357). Here, the Complaint refers back to the first Complaint, filed on November 20, 2000, in which Plaintiff lists the date of the incident as September 15, 2000. Therefore, "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Cito, 892 F.2d at 25 (citing Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir.1978); quoting Hanna v. United States Veterans' Administration Hospital, 514 F.2d 1092, 1094 (3d Cir.1975)).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under the liberal federal pleading rules, a complaint need not spell out the theory of liability under which the plaintiff hopes to recover. See Evans Prods. Co. v. West Am. Ins. Co., 736 F.2d 920, 923 (3d Cir. 1984). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley, 355 U.S. at 47).

In this case, Plaintiff is proceeding without the benefit of counsel. Accordingly, the Court employs a less stringent pleading standard and construes Plaintiff's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Review of Plaintiff's Complaint under these standards directs that the Complaint be dismissed.

### III. ANALYSIS

**A. Claims brought under 42 U.S.C. §§ 1983 and 1985**

Based upon a liberal construction of the Complaint, Plaintiff asserts civil rights violations under 42 U.S.C. §§ 1983 and1985 that occurred during his arrest in September 2000. The Supreme Court instructs that the statute of limitations of the state in which the personal injury suit arises governs claims brought under 42 U.S.C. §§ 1983 and 1985. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir.2003). The applicable statute of limitations for personal injury actions in New Jersey is two years. N.J.S.A. §2A: 14-2 (2007); see also

Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 24 (3d Cir. 1989)(applying New Jersey's two year statute of limitations to actions brought under 42 U.S.C. §§ 1983 and 1985). Plaintiff was arrested on September 15, 2000 and it is on this date that his cause of action under Sections 1983 and 1985 accrued. See Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998)(A § 1983 cause of action accrues "when the plaintiff knew, or should have known, of the injury upon which the action is based.")(citation omitted). Thus, barring any justification for tolling the statute, Plaintiff's right to file his claim expired on September 15, 2002.

The statute of limitations may be tolled where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J.Super. 11, 31 (2002) (citations omitted). In addition, the Court may toll the statute for other equitable reasons, including where " (1) the defendant has actively misled the plaintiff [and] (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights . . . .". Kocian v. Getty Refining & Marketing Co., 707 F.2d 748, 753 (3d Cir.1983) (citations omitted). However, both New Jersey courts and the United States Supreme Court caution that "the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Freeman, 347 N.J.Super. at 31; see also Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96(1990)(Where litigants have actively pursued their rights, federal courts invoke the doctrine of equitable tolling "only sparingly".)

The present case does not warrant equitable tolling of the two year statute of limitations. There is no allegation that Plaintiff was in any way precluded from acting

within the statutory time period.  In addition, Plaintiff's claim that he was tricked by the Atlantic City Police Department because they fraudulently refused service is unavailing.[2] The failure of the Atlantic City Police Department to accept the original service of the summons mistakenly directed at Officer "William F. Hogan" is certainly questionable. Given Officer Logan's position in the "K-9" Unit, which the Court assumes includes a discreet number of members, it should have been obvious that Officer Logan was the intended recipient.  And the fact that a second summons was directed to K-9 Partner Officer Decue (a misspelling of K-9 Officer Deuce- Officer "Hogan's" dog) served as an additional means of identification.  For these reasons, there is little doubt that whomever rejected service at the Atlantic City Police Department was well aware of the misspelling and knew the identity of the intended recipients of the summons.[3] Nevertheless, this questionable conduct is not the type of trickery that warrants invoking equitable tolling of the statute of limitations.

Even in the face of the Atlantic City Police Department's questionable actions, Plaintiff still had plenty of time to correct the misspelling defect and again attempt service before the limitations period expired— the Summons was returned January 2,

---

[2] The gravamen of Plaintiff's claim is that the Atlantic City Police Department knew the identity of the police officer for whom the misspelled summons was intended and purposefully refused to accept service with the intent of keeping Plaintiff's claims from being litigated.  See Opposition at p.2.

[3] Although the "William F. Hogan" summons did not identify the K-9 Unit, the other companion summons was directed at a K-9 dog, indicating that "William F. Hogan" was a member of the K-9 Unit.

2001 over twenty one months before the expiration of the statute of limitations.[4]

"Plaintiffs have a duty to diligently pursue their claims." Freeman, 347 N.J. Super. at 32.

Here, Plaintiff squandered the two year period by his dilatory conduct, continued inaction, and failure to prosecute. Thus, even giving Plaintiff every benefit of the doubt, his own inaction is to blame, not the conduct of the Atlantic City Police Department. "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 458 (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984)). Under these circumstances equitable tolling is not warranted and the claims under 42 U.S.C. §§ 1983 and 1985 are dismissed with prejudice as time-barred.

## B. Fourteenth Amendment Fraud Claim

The Complaint also asserts a violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the

---

[4] Plaintiff's Complaint alleges that he again attempted service in April 2002, but that service was returned due to an incorrect address on April 15, 2002. See Complaint at p.2, ¶8. The docket in the case shows that on April 15, 2002, this Court's Order denying Plaintiff's motion for Reconsideration, which was mailed to the address provided by Plaintiff, was returned by the United States Post Office because there was "[n]o such person at that address". [ Civil Action No. 00-5281, Docket Entry #15 ]. It appears that Plaintiff is referring erroneously to that docket entry as proof of his second attempt at service.

Nevertheless, the Court is required to construe Plaintiff's Complaint liberally and must accept the allegations made therein as true. Haines, 404 U.S. at 520; Schrob, 948 F.2d at 1405. Even though there is no record to support Plaintiff's second failed attempt at service, giving Plaintiff the benefit of the doubt, the Court will as assume that Plaintiff made such an unsuccessful attempt. But, Plaintiff failed to follow up on this second unsuccessful attempt at service before the limitations period expired and provides no reason for his inaction.

Atlantic City Police Department fraudulently refused to accept service of the Summons. Plaintiff argues that the statute of limitations on this claim has not expired because he only recently learned of the fraud perpetrated upon him.

The Fourteenth Amendment prohibits governmental deprivation of life, liberty, or property without due process of law.  U.S.Const. amend. XIV; <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972).  Although Plaintiff styles his "fraud" claim as a violation of the Fourteenth Amendment, the underlying facts of this claim sound in state law. Given that Plaintiff's federal question claims under 42 U.S.C. §§ 1983 and 1985 are dismissed as time barred and that the Court does not have original jurisdiction over Plaintiff's claim of fraud, the Court declines to exercise supplemental jurisdiction over the fraud claim.  See <u>Growth Horizons, Inc. v. Delaware County, Pa.</u>, 983 F.2d 1277, 1284 (3d Cir. 1993); 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–(3) the district court has dismissed all claims over which it has original jurisdiction. . . .").  Accordingly, Defendant's motion to dismiss is granted.

It is so Ordered this 23rd day of June 2008.

                                                                                               s/ Joseph. H. Rodriguez
                                                                                               Hon. Joseph H. Rodriguez, U.S.D.J.